UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 1:23-cr-10322-IT |
| | * | |
| RASHAD DIGGS, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

April 15, 2024

TALWANI, D.J.

Defendant Rashad Diggs is charged with one count of felon in possession of firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Indictment [Doc. No. 1]. Following his arrest, the government moved for detention. The Magistrate Judge held a hearing, found that Diggs presents a danger to the community that cannot be mitigated with conditions, and ordered his detention. Order on Gov. Mot. for Det. 1 [Doc. No. 17]. Diggs now seeks review and revocation of the detention order under 18 U.S.C. § 3145(b). Def.'s Mot. for Review of Detention Order by District Court ("Mot. for Review") [Doc. No. 20]. The government opposes. For the following reasons, the court finds that there are conditions of release that will reasonably assure Diggs's appearance as required and the safety of other persons and the community. Accordingly, Diggs's request to revoke the detention order is GRANTED and the court will release Diggs on conditions specified below.

**I.      Background**

A. *Defendant's Personal Characteristics and Criminal History*

Rashad Diggs is 37 years old and has resided in Massachusetts for most of his life. Def.'s Mot. for Review 2 [Doc. No. 20]. He has a three-year-old daughter with Arialka Moya. Id.

Diggs's daughter is mostly nonverbal, has an Autism spectrum diagnosis, and receives early intervention services. Id. Diggs also has three older children. Since July 2022 and until his arrest, Diggs has worked for Boston Retail Solutions, an interior construction company. Id.

Diggs has an extensive criminal history stretching back to 2006, including past convictions for assault and battery with a dangerous weapon, strangulation, stalking, and disorderly conduct. Gov't Ex. 5 (2015 and 2016 criminal record); Pretrial Services Report.

B.  *The Charged Offense and the Proffered Evidence*

The government contends that between December 3 and 6, 2022, Diggs and a confidential informant exchanged a series of text messages in which Diggs sent photos of a semi-automatic weapon, a high-capacity magazine, and several rounds of "green-tip" (armor-piercing) bullets. The government asserts that on or about December 8, 2022, Diggs met the informant and an undercover law enforcement agent in a parking lot, where Diggs placed a black bag containing a semi-automatic machine gun with an obliterated serial number, a high-capacity magazine, and multiple rounds of green-tip ammunition in the informant's vehicle. The government alleges finally that the informant then paid Diggs $2000 in cash. In support of these charges, the government has offered copies of the text messages (with photos), Gov't Ex. 2, and the investigator's report of the December 8, 2022 transaction, Gov't Ex. 2A.

Over a year later, on December 13, 2023, a grand jury indicted Diggs on one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Indictment [Doc. No. 1]. One month after the indictment was returned, on January 18, 2024, law enforcement arrested Diggs in the same vehicle observed during the firearm transaction. Inside the vehicle were two bags of approximately two pounds of marijuana. Gov't Ex. 1.

The government estimates the guideline sentence for the pending charges, with acceptance of responsibility, to be 100 to 125 months of incarceration.

## II.     Standard of Review

The Bail Reform Act of 1984 authorizes a judicial officer to hold a detention hearing upon a motion by the government for certain categories of offenses posing a danger to the community, including "any felony that is not otherwise a crime of violence that . . . involves the possession or use of a firearm or destructive device," 18 U.S.C. § 3142(f)(1)(E), or upon the motion of the government or on the judicial officer's own motion where there is a serious risk that the defendant will flee, id. § (f)(2)(A).

Following a detention hearing, the judicial officer shall order the defendant detained pending trial only if the judicial officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

In determining whether any condition or combination of conditions of release will reasonably assure defendant's appearance as required and the safety of the community, the judicial officer must consider the following factors:

(1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [sex trafficking], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2)   the weight of the evidence against the person;

(3)   the history and characteristics of the person, including—

  (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing,

>   appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

Id. § 3142(g).

Pursuant to 18 U.S.C. § 3145(b), where the judicial officer who orders the defendant detained is a magistrate judge, the defendant may file a motion with the district judge for revocation or amendment of the order. The district judge considering the motion must engage in *de novo* review of the contested order. United States v. Marquez, 113 F. Supp. 2d 125, 127 (D. Mass. 2000). The court may reject the magistrate judge's findings of fact and start the hearing anew or may accept some or all of the findings of fact made by the magistrate judge and hear additional facts and argument. Id.

### III.     Discussion

Defendant asserts that there are conditions that would reasonably assure the safety of the community and would reasonably assure his appearance as required. Mot. for Review [Doc. No. 20]. Although the government moved for detention under both 18 U.S.C. § 3142(f)(2)(A) (serious risk of flight) and § 3142(f)(1)(E) (defendant charged with a felony that involves the possession or use of a firearm), the magistrate judge's detention order was based only on the danger to the community. Similarly, the government's Opposition to the pending motion addresses only danger to the community and does not raise any argument about any potential flight risk. Gov't Oppo. 1 n.1 [Doc. No. 29]. Accordingly, where the government has not presented evidence of a flight risk, the court addresses detention pursuant to § 3142(f)(1)(E) and considers whether there are conditions of release that will reasonably assure the safety of any other person and the community.

A. *Factors to be Considered for Release Conditions*

The court addresses each of the factors set forth at 18 U.S.C. § 3142(g) in turn.

    1.      Nature and Circumstances of the Offense

Diggs is charged with possessing a semi-automatic machine gun with an obliterated serial number, and 42 rounds of armor-piercing ammunition. Indictment [Doc. No. 1]. The government reports that it learned of the potential sale from a confidential informant, Gov't Oppo. 2 [Doc. No. 29] (citing Ex. 2A), and that Diggs sold the firearm and ammunition for cash. Although the government immediately seized the weapon and ammunition, Diggs' apparent ability to obtain this type of gun and ammunition and his willingness to sell them pose a danger to the community.

    2.      The Weight of the Evidence

To establish a violation of 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt that Diggs (1) knew he had been convicted in a court of a crime punishable by a term of imprisonment exceeding one year; and (2) knowingly possessed, in or affecting commerce, any firearm or ammunition.

The government has proffered substantial evidence to support its charge that Diggs violated § 922. It has offered his prior criminal record from Middlesex County showing prior convictions, including a conviction for assault with a dangerous weapon for which he served two years in the house of corrections, demonstrating that he knew he had been convicted in a court of a crime punishable by a term of imprisonment exceeding one year. Gov't Ex. 4. It also presented a series of text messages the government contends are between Diggs and a confidential informant in the days immediately preceding the alleged firearm sale in which Diggs sent pictures of the semi-automatic weapon and the rounds of ammunition and pressured the

informant to close the deal. It has also presented evidence from an undercover agent who was present at the sale; who witnessed the transfer of the firearm and the ammunition from the seller to the informant; and who identified Diggs and his vehicle as the seller at the scene, the firearm as an AR-15 style firearm, and the ammunition as armor-piercing rounds. In light of this evidence, the second factor weighs against Diggs.

        3.        Diggs's History and Characteristics

Diggs's history and characteristics weigh both in favor and against his release. On one hand, Diggs's extensive criminal history weighs against his release. Diggs's criminal record dates back nearly twenty years and includes convictions for crimes of violence (assault and battery, strangulation, possessing a firearm without a permit, and stalking) and for parole violations that indicate Diggs's unwillingness or inability to comply with the law.

On the other hand, Diggs's current employment and his commitment to raising his three-year-old daughter weigh in favor of his release. Since July 2022, Diggs has been employed full time at Boston Retail Solutions, a steady job that includes retirement and healthcare benefits. Diggs also has been extensively involved in his daughter's life for the past several years. He assists with her care, brings her to and from pre-kindergarten, attends early intervention meetings and appointments, and when he temporarily relocated to California for work, he repeatedly flew back to continue helping care for her. Def.'s Mot. for Review 3-4 [Doc. No. 20]. Diggs has informed the court that his daughter, who is largely nonverbal, communicates almost exclusively with Moya and himself.

Diggs's upcoming family responsibilities also weigh in favor of his release. In 2020, Moya was indicted on unrelated charges. Indictment, Docket No. 20-cr-10228-PBS-5 (Oct. 6, 2020) [Doc. No. 16]. Before Diggs was indicted in this case in December 2023, Moya entered

6

into a binding plea agreement; on March 20, 2024, she was sentenced to six months incarceration and is scheduled to report on June 5, 2024. Plea Agreement, Docket No. 20-cr-10228-PBS-5 (Oct. 31, 2023) [Doc. No. 263]; Amended Judgment, Docket No. 20-cr-10228-PBS-5 (April 4, 2024) [Doc. No. 303]. The result of the timing of these events is that Diggs is likely to be the only parent available to his daughter, at least for the six-month period where Moya is serving her sentence. Where Diggs has demonstrated a commitment to caring for his daughter, the court finds that the family's emergent childcare needs weigh in favor of Diggs on the third factor.

    4.        The Nature and Seriousness of the Danger to Diggs's Community

The sale of semi-automatic weapons and armor-piercing ammunition undeniably poses a danger to the community. However, for thirteen months following Diggs's alleged wrongful conduct, the government did not arrest him and seek detention.

The government has presented no evidence that Diggs was involved in any other weapons sales or acts of violence in the intervening period. He was also not found in possession of any firearms at the time of his January 2024 arrest. Accordingly, while this factor would generally weigh in favor of detention, the government's willingness to allow Diggs to remain in the community, coupled with the absence of any evidence that Diggs's engaged in similar criminal behavior from December 2022 to January 2024, mitigate this fourth factor.

    B.  *A Combination of Release Conditions Can Reasonably Assure the Safety of the Community*

Given the above factors, the court finds that there is a combination of release conditions that can reasonably assure the safety of the community. Briefly, to ensure the safety of others, the court is imposing home detention restricting Diggs to his third-party custodian's residence at all times, except as preapproved by U.S. Probation and Pretrial Services for court purposes, meetings with counsel, medical and/or mental health treatment, religious services, employment,

caring for his daughter, or other pre-approved activities. The court is also ordering Diggs to not possess a firearm, destructive device, or other weapon, and to report as soon as possible to U.S. Probation and Pretrial Services every contact with law enforcement personnel, including arrests, questioning, or traffic stops. Further conditions are set forth in the attached Order Setting Conditions of Release, which the court will docket on Wednesday, April 17, 2024, so that the United States Marshals Service and U.S. Probation and Pretrial Services can coordinate Diggs's processing and release.

The court will also issue a warrant for his arrest, to be held in abeyance, to ensure prompt arrest in the event of any violations of pretrial conditions.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Review Pretrial Detention Order [Doc. No. 20] is GRANTED as set forth herein.

IT IS SO ORDERED

April 15, 2024                                         /s/ Indira Talwani
                                                       United States District Judge